UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>             Plaintiff,<br><br>    v.<br><br>RAHMAN, et al.,<br><br>             Defendants. | No.  1:16-CV-00004-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED and ORDER REQUESTING ASSISTANCE OF LITIGATION COORDINATOR**<br><br>**(Doc. 16)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Gardell Cowart, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 15, 2016, Plaintiff filed a request for emergency injunctive relief to obtain various forms of medical care.  (Doc. 16.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).  "A preliminary injunction is an extraordinary remedy never awarded as a matter of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Id.*, at 24 (citations and quotations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief.  *Id.*, at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the

1

1   least intrusive means necessary to correct the violation of the Federal Right."

2          "An inmate seeking an injunction on the ground that there is a contemporary violation of a
3   nature likely to continue, must adequately plead such a violation; . . . ." *Farmer v. Brennan*, 511
4   U.S. 825, 845-46 (1994) (citations and quotations omitted).  It is subsequent to screening, such as
5   in efforts to survive summary judgment, that a plaintiff "must come forward with evidence from
6   which it can be inferred that the defendant-officials were at the time suit was filed, and are at the
7   time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable
8   risk of harm, and that they will continue to do so; and finally to establish eligibility for an
9   injunction, the inmate must demonstrate the continuance of that disregard during the remainder of
10  the litigation and into the future." *Id.*, at 845-46.  At the pleading stage, the Court is not in a
11  position to address the merits of a claim which requires submission of evidence as opposed to
12  simply determining whether a claim has been stated. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir.
13  2008).

14         Plaintiff's First Amended Complaint is in line for screening.  It has not yet been
15  ascertained whether Plaintiff has stated any cognizable claims -- let alone is whether he is entitled
16  to the relief he requests.  Even after screening, assuming that Plaintiff states at least one
17  cognizable claim, his request for a temporary restraining order/injunctive relief cannot be
18  adequately addressed until evidence is submitted.  As such, his request must be denied without
19  prejudice at this time.  The Court requests that Litigation Office look into the matter and facilitate
20  Plaintiff's access to the medical care that has been ordered for him by his treating physicians and
21  any specialists.[1]

22         The Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed on
23  August 15, 2016, be denied for lack of jurisdiction.   The Clerk's Office is directed to forward a
24  copy of this order and Plaintiff's motion to the Litigation Coordinator at California Substance
25  Abuse Treatment Facility in Corcoran, California, so as to assist with facilitating Plaintiff's
26  access to the medical care that has been ordered for him.

---

[1] The facilitation of access to medical care in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2016**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE