# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>        Plaintiff,<br><br>   v.<br><br>RAHMAN, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00004-AWI-SKO (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON MEDICAL CLAIMS UNDER THE EIGHTH AMENDMENT AGAINST DR. IGNIBINOZA, DR. SCHAREFENBERG, DR. KANDKHOROVA, DR. UGWUEZE, AND DR. SUNDURAM; DENYING PLAINTIFF'S MOTION FOR SCREENING; DISMISSING DEFENDANTS MAY AND ODLE AND ALL CLAIMS AGAINST THEM; and DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE**<br><br>**(Docs. 20, 21, 22, 23, 24, 25, 28, 29)** |

      Plaintiff, Gardell Cowart, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On November 2, 2016, Plaintiff filed a motion for emergency injunctive relief to obtain various forms of medical care. (Doc. 20.)[1] On November 22, 2016, the Magistrate Judge issued a Findings and Recommendations (F&R) to deny Plaintiff's motion for lack of jurisdiction as the action had yet to be screened. (Doc. 21.) Though the F&R was served that same date and allowed for their filing, Plaintiff did not submit any objections. (*Id.*)

---

[1] This motion is similar to Plaintiff's motion from August of 2016 (Doc. 16) that was denied on October 14, 2016 (Docs. 17, 19).

1

On December 30, 2016, Plaintiff filed a new motion seeking court order to direct the defendants in this action "to correct all Constitutional violations of 'deliberate indifference' to Plaintiff's serious medical needs by ordering medical care for him and transferring him to an "intermediate medical facility." (Doc. 22.)

On February 9, 2017, the Magistrate Judge issued a F&R for Plaintiff to proceed on medical claims under the Eighth Amendment for deliberate indifference to his serious medical needs against Dr. Ignibinoza, Dr. Scharffenberg, Dr. Kandkhorova, Dr. Ugwueze, and Dr. Sunduram and that all other claims and defendants should be dismissed with prejudice. (Doc. 23.)[2] It was further recommended that Plaintiff's motion for injunctive relief (Doc. 22), be denied for lack of jurisdiction over the CDCR facility and those in control of deciding where he is housed. (*Id.*) The F&R was served the next day and allowed for Plaintiff to file objections within twenty-one days. (*Id.*) Plaintiff did not file any objections.

On February 27, 2017, Plaintiff filed yet another motion for preliminary injunctive relief in which he requested an order to stop retaliatory acts against him which were performed by "Corcoran State Prison Staff of acting on behalf of defendants" and/or "all defendants and/or representatives of defendants." (Doc. 25.) In this motion, Plaintiff contends that, when he was removed from his cell for transfer from CSATF to CIM, Correctional Officers A. Sasin, R. Garcia, and K. Coffman wrongly confiscated his television, beard trimmers, hotpot, and fan which Sergeant Ibarra witnessed and condoned. (*Id.*)

On March 20, 2017, Plaintiff filed a motion for an order to show cause why injunctive relief should not be issued. Plaintiff lists new defendants, i.e. defendants who were not named in either the original complaint or the amended complaint, and requests that prison medical personnel be required to provide him with the medical care and treatment recommended by outside medical specialists. (Doc. 28.)

On April 14, 2017, Plaintiff filed what appears to be another request for injunctive relief. (Doc. 29). Like the March 20 motion, this motion identifies individuals who were not named in

---

[2] The day after this F&R issued, Plaintiff filed a motion (Doc. 24) requesting screening of the First Amended Complaint which clearly crossed in the mail with the F&R.

the original or first amended complaint, and requests that prison personnel provide him with appropriate medical treatment.

As stated in the February 9, 2017 F&R, the pendency of this action does not give the Court general jurisdiction over all prison officials, over every condition of Plaintiff's confinement, or over every CDCR facility where petitioner may be housed. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added); see also Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009). Here, the individuals involved with respect to February 27, March 20, and April 14, motions are not parties to this action. The individuals were not named in either the original or the first amended complaint. Further, the individuals in the March 20 and April 14 motions are at a separate institution. The facts surrounding the original and the first amended complaints concern conduct that occurred at a prison facility in Corcoran, California, while the March 20 and April 14 motions concern events that occurred at a prison facility in Chino, California, where Plaintiff is currently housed. The Court cannot grant the relief requested by Plaintiff in the February 27, March 20, or April 14 motions. See id.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations which issued on November 22, 2016 and February 9, 2017 to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations screening the First Amended Complaint, filed on February 9, 2017 (Doc. 23), is adopted in full;
    a. Plaintiff shall proceed on his claims in the First Amended Complaint for deliberate indifference to his serious medical needs in violation of the Eight Amendment against Dr. Ignibinoza, Dr. Scharffenberg, Dr. Kandkhorova, Dr. Ugwueze, and Dr. Sunduram;

  b. Defendants Correctional Counselor II T. May and Assistant Warden B. Odle and all claims against them are DISMISSED with prejudice; and

  c. Because Plaintiff did not name Defendants Abdur Rahman, Stu Sherman, C. Cryer, and Donald Ramberg in the First Amended Complaint, so the Clerk of the Court is directed to terminate them from the docket of this action as of the date Plaintiff filed the First Amended Complaint, May 9, 2016;

2. Plaintiff's motion for screening, filed on February 10, 2017 (Doc. 24) is DENIED as moot by the Findings and Recommendations that issued the day immediately prior (Doc. 23);

3. The Findings and Recommendations on Plaintiff's motion for injunctive relief, issued on November 22, 2016 (Doc. 21), is ADOPTED in full;

4. Plaintiff's motions for injunctive relief, filed on November 2, 2016 (Doc. 20), December 30, 2016 (Doc. 22), February 27, 2017 (Doc. 25), March 20, 2017 (Doc. 28), and April 14, 2017 (Doc. 29) are all DENIED without prejudice; and

5. The action is referred to the Magistrate Judge to direct service of the First Amended Complaint, consistent with this order.

IT IS SO ORDERED.

Dated:  April 17, 2017

          SENIOR DISTRICT JUDGE