| | |
|---|---|
| 1 | |
| 2 | UNITED STATES DISTRICT COURT |
| 3 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 4 | |

| | | |
|---|---|---|
| 5 | GARDELL COWART, | No. 1:16-cv-00004-AWI-SKO (PC) |
| 6 | Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR** |
| 7 | v. | **PRELIMINARY INJUNCTIVE RELIEF BE DENIED and ORDER REQUESTING** |
| 8 | RAHMAN, et al., | **ASSISTANCE OF WARDEN AND LITIGATION COORDINATOR** |
| 9 | Defendants. | **(Doc. 32)** |
| 10 | | **THIRTY (30) DAY DEADLINE** |
| 11 | | |
| 12 | | |

13    Plaintiff, Gardell Cowart, is a state prisoner proceeding *pro se* and *in forma pauperis* in

14  this civil rights action pursuant to 42 U.S.C. § 1983.  On May 10, 2017, Plaintiff filed a request

15  for injunctive relief to obtain various forms of medical care, (Doc. 32), mirroring previous

16  motions, (Docs. 16, 20, 22, 25, 28, 29), which have all been denied (Docs. 17, 19, 30).

17    As stated in the findings and recommendations on Plaintiff's prior request for injunctive

18  relief, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

19  the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of

20  equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*

21  *Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).  "A preliminary

22  injunction is an extraordinary remedy never awarded as a matter of right.  In each case, courts

23  must balance the competing claims of injury and must consider the effect on each party of the

24  granting or withholding of the requested relief.  In exercising their sound discretion, courts of

25  equity should pay particular regard for the public consequences in employing the extraordinary

26  remedy of injunction." *Id.*, at 24 (citations and quotations omitted).  An injunction may only be

27  awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

28  / / /

1    Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the

2  Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly

3  drawn, extends no further than necessary to correct the violation of the Federal Right, and is the

4  least intrusive means necessary to correct the violation of the Federal Right."

5    As a threshold matter, Plaintiff must establish that he has standing to seek preliminary

6  injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149

7  (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that

8  he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat

9  must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to

10  challenged conduct of the defendant; and it must be likely that a favorable judicial decision will

11  prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted);

12  *Mayfield*, 599 F.3d at 969.

13    The medical care claims which Plaintiff alleges arise from events which occurred at the

14  Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff is currently

15  housed at the California Institution for Men ("CIM") in Chino, California. Accordingly, Plaintiff

16  lacks standing to seek relief directed at remedying his current conditions of confinement at CIM.

17  Further, to the extent that his motion for temporary restraining order seeks relief to remedy his

18  conditions of confinement for the time he was at SATF, it was rendered moot on his transfer to

19  CIM. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517,

20  519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction must be denied.

21  However, the Warden and Litigation Office are requested to look into the matter and facilitate

22  Plaintiff's access to medical care that has been ordered for him by his treating physicians and any

23  specialists.[1]

24    Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive

25  relief, filed on May 10, 2017, be DENIED. The Clerk's Office is directed to forward a copy of

26  this order and Plaintiff's motion to the Warden and the Litigation Coordinator at California

27

28    [1] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

2

Institution for Men to facilitate Plaintiff's access to the medical care ordered for him by his treating physicians and any specialists.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 12, 2017**__                    _/s/ Sheila K. Oberto_

UNITED STATES MAGISTRATE JUDGE