# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>        Plaintiff,<br><br>v.<br><br>RAHMAN, et al.,<br><br>        Defendants. | No.  1:16-cv-00004-AWI-SKO (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTIONs FOR PRELIMINARY INJUNCTIVE RELIEF AND MOTION FOR JOINDER**<br><br>**(Docs. 32, 35)** |

      Plaintiff, Gardell Cowart, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On May 10, 2017, Plaintiff filed a request for injunctive relief to obtain various forms of medical care, (Doc. 32), mirroring previous motions, (Docs. 16, 20, 22, 25, 28, 29), which have all been denied (Docs. 17, 19, 30).  On May 15, 2017, the Magistrate Judge issued a Findings and Recommendations ("the F&R") to deny Plaintiff's motion for lack of jurisdiction.  (Doc. 35.)  The F&R was served that same date and allowed for filing of objections.  (*Id.*)  Plaintiff's objections were filed on May 24, 2017.  (Doc. 36.)

      Though the document Plaintiff submitted is titled as objections, it does not appear to state any objections to the F&R.  Rather, the body of the document is a motion to amend the First

1

Amended Complaint, apparently to add as defendants, every physician within the CDCR who sees Plaintiff for his cervical spine issue as "successors, agents, and employees" of CDCR and the current Defendants in this action. (Doc. 36.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

**I.     F&R**

The F&R explained that Plaintiff's motion for injunctive relief arises from events which occurred at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff is currently housed at the California Institution for Men ("CIM") in Chino, California. Plaintiff's motion for temporary restraining order seeks relief to remedy his conditions of confinement at SATF, it was rendered moot on his transfer to CIM. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The Court will adopt the F&R and deny Plaintiff's motion for injunctive relief.

**II.     Amendment/Supplemental Joinder**

Plaintiff essentially seeks to join medical providers at CMI to this action, even though this case involves medical care at SATF. That is, he seeks to join new defendants, for conduct that occurred at a different location, and at a different time period from the events of this case. Cf. Easter v. CDC, 694 F.Supp.2d 1177, 1191 (S.D. Cal. 2010) (finding claims were insufficiently related to be joined in a single complaint where "different location, time period, and defendants" were attempted to be included in an amended complaint). A plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Easter, 694 F.Supp.2d at 1191. Because Rules 18 and 20 would be violated if the Court were to grant Plaintiff's motion, the Court will deny Plaintiff's motion to amend/join.

Nevertheless, Plaintiff is not prohibited from filing a new and separate action if he is able to state a cognizable claim based on the medical care and treatment that he is receiving at CMI. Plaintiff may not add any such claims to this action.

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on May 15, 2017 (Doc. 35), are adopted in full;

2. Plaintiff's motion for injunctive relief, filed on May 10, 2017 (Doc. 32) is DENIED; and

3. Plaintiff's motion in his objections, to supplement the First Amended Complaint to add unidentified medical providers at CMI and Defendants' "successors, agents, and employees, and all employees and all other persons acting in concert and participation with them," is DENIED.

IT IS SO ORDERED.

Dated:   June 27, 2017

_____
SENIOR DISTRICT JUDGE