# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>    Plaintiff,<br><br>v.<br><br>RAHMAN, et al.,<br><br>    Defendants. | 1:16-cv-000004-AWI-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA TO OBTAIN RECORDS FROM DIGNITY HEALTH, MERCY HOSPITAL**<br><br>**(Doc. 43)**<br><br>**TEN & FIFTEEN DAY DEADLINES** |

**I.    <u>Background</u>**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims in the First Amended Complaint against Dr. Ngozi Ignibinoza, Dr. Scharffenberg, Dr. Kandkhorova, Dr. Ugwueze, and Dr. Sunduram for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. On August 29, 2017, Plaintiff filed a subpoena to obtain medical records for treatment he received at Dignity Health, Mercy Hospital, 2215 Truxtin Ave., Bakersfield, CA, 93301. (Doc. 43.) Defendants did not file an opposition or a statement of opposition within the applicable time period. Thus, Plaintiff's filing is construed as a motion for issuance of a subpoena and is deemed submitted. L.R. 230(l).

**II.    <u>Legal Standard</u>**

Federal Rule of Civil Procedure ("Rule") 45 permits issuance of subpoenas for discovery from nonparties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Fed.

1

R. Civ. P. 26(b). *Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, under Rule 34, the test for admissibility is the relevance of the requested material or information. *Id.*, (citing *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v. Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka Maritime Corp., Inc.*, 163 F.R.D. 584 (C.D.Cal.1995)).

"The law [of discovery] begins with the presumption that the public is entitled to every person's evidence." *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D.Cal.1976). A nonparty may be compelled to produce documents and tangible things as provided in Rule 45. Fed. R. Civ. P. 34(c). Assuming that the subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(c)(1) and (d)(1).

**III.  Discussion**

Plaintiff has the right to subpoena documents from a third party that are relevant to the claims upon which he is proceeding in this action. Plaintiff received care and treatment at Mercy Hospital for the infection which is the subject of this action. (Doc. 15.) Although Plaintiff does not set forth the dates of records he is seeking, it is not unreasonable to authorize production of records over the past five years -- i.e. from January of 2012 to date. Thus, Plaintiff's request for the issuance of subpoena to obtain records from Mercy Hospital is granted and a subpoena will

issue[1] ordering production of documents responsive to Plaintiff's requests from January 1, 2012, to date. (Doc. 43, p. 2.) Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoena 15 days from the date of service of this order.

**IV.     Order**

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's request, filed on August 29, 2017, (Doc. 43), for the issuance of a subpoena is **GRANTED**;
2. The issuance of a subpoena directing Dignity Health, Mercy Hospital, 2215 Truxtin Ave., Bakersfield, CA, 93301 to produce medical records pertaining to care and treatment Plaintiff received at that facility from January 1, 2012, to date is authorized;
3. Pursuant to Rule 45(b)(1), the parties are placed on notice that the subpoena duces tecum will be issued **fifteen (15) days** from the date of service of this order; and
4. **within ten (10) days** of the date of service of this order, defense counsel shall file a statement indicating whether they have already obtained, or intend to take steps to obtain copies of Plaintiff's medical records from Dignity Health, Mercy Hospital, 2215 Truxtin Ave., Bakersfield, CA, 93301 and whether, as officers of the Court, they would be willing to provide copies of those documents to Plaintiff to avoid incurring the costs and using the limited resources of the Court and the United States Marshalls Service to subpoena these records.

IT IS SO ORDERED.

Dated:     **October 2, 2017**                           /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will prepare and issue the subpoena and forward it to the United States Marshal for service.