# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>    Plaintiff,<br><br>v.<br><br>RAHMAN, et al.,<br><br>    Defendants. | No. 1:16-cv-00004-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>**(Doc. 53)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

    Plaintiff, Gardell Cowart, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2018, Plaintiff filed a request for injunctive relief via an order directing prison staff at the California Institution for Men ("CIM") to cease all violations of his constitutional rights and for his removal from "ASU placement." (Doc. 53.)

    As stated in the findings and recommendations on Plaintiff's prior numerous motions for injunctive relief, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." As a threshold matter, Plaintiff must establish that he has standing in this action to seek the preliminary injunctive relief he desires. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must

show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

The medical care claims on which Plaintiff proceeds in this action arise from events which occurred at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. However, Plaintiff is currently housed at CIM. Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at CIM, and Plaintiff does not seek relief in this motion against any of the defendants against whom he is proceeding in this action. As such, Plaintiff's motion for a preliminary injunction must be denied.

The federal venue statute also requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). CIM is located within the judicial district of the United States District Court for the Central District of California. Therefore, this Court is not the proper venue for claims based on incidents which occurred at CIM.[1]

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed on January 4, 2018, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff

---

[1] No determination is made whether Plaintiff's allegations state cognizable claims and nothing in this order prohibits him from raising the events he alleges are occurring at CIM in another action if he feels his constitutional rights have been violated.

2

may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2018**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE