1

2

3

4

5 # UNITED STATES DISTRICT COURT

6 ### EASTERN DISTRICT OF CALIFORNIA

7

8 | | |
|---|---|
| GARDELL COWART, | **1:16-cv-000004-AWI-SKO (PC)** |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO COMPEL** |
| v. | **(Doc. 48)** |
| RAHMAN, et al., | **FOURTEEN (14) DAY DEFENSE DEADLINE** |
| Defendants. | |
| | **ORDER ON DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER** |
| | **(Doc. 52)** |
| | **Discovery Cut-Off Date:        May 1, 2018** |
| | **Dispositive Motion Deadline:   July 1, 2018** |

17

18 I.  **BACKGROUND**

19      Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action

20 pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's claims in the First

21 Amended Complaint against Dr. Ngozi Ignibinoza, Dr. Scharffenberg, Dr. Kandkhorova, Dr.

22 Ugwueze, and Dr. Sunduram for deliberate indifference to Plaintiff's serious medical needs in

23 violation of the Eighth Amendment.  The Discovery and Scheduling Order issued on July 13,

24 2017, opening discovery and setting a discovery cut-off date of December 13, 2017, and a

25 dispositive motion deadline of February 12, 2018.  (Doc. 40.)

26      On August 29, 2017, Plaintiff filed a subpoena to obtain medical records for treatment he

27 received at Dignity Health, Mercy Hospital, 2215 Truxtin Ave., Bakersfield, CA, 93301.  (Doc.

28 43.)  On October 3, 2017, an order issued indicating that Plaintiff met the requirements for the

issuance of a subpoena. (Doc. 44.)  In that order, defense counsel was directed to file a statement setting forth the steps taken to obtain the records sought by Plaintiff and stating whether they would be willing to provide Plaintiff copies of any documents obtained. (*Id.*)  In compliance with that order, on October 12, 2017, defense counsel filed a statement indicating that records from the facility where Plaintiff is currently housed were recently received, which included some, but not all records from outside providers. (Doc. 45.)  Defense counsel forwarded a copy of the records received to Plaintiff that same week. (*Id.*)  It therefore appeared that a subpoena was no longer required and the order granting it was withdrawn. (Doc. 47.)  Following receipt and review of those records, Plaintiff was permitted to file a renewed request for a subpoena, if he believed they were incomplete and was able to specify the missing records and their relevance to this action. (*Id.*)

## II.  PLAINTIFF'S MOTION TO COMPEL

On November 3, 2017, Plaintiff filed a motion to compel indicating that upon review, he discovered the set of records provided by defense counsel did not contain his complete records from (1) Sierra Vista Regional Medical Center, 1010 Murray Ave., San Luis Obispo, CA 93405 (where the initial surgery was performed); and (2) Dignity Health Mercy Hospital, 2215 Truxtin Ave., Bakersfield, CA  93301 (where Plaintiff received medical care and treatment when the surgical cite became infected), and Plaintiff's medical records from the California Department of Rehabilitation and Corrections. (Doc. 48.)  Plaintiff requests full copies of the records from these facilities and $2,000 as "reasonable expenses in obtaining this order." (*Id.*, p. 4.)

Defendants response to Plaintiff's motion indicated that they subpoenaed Plaintiff's medical records from the facility where Plaintiff is incarcerated, which should have included all of the records from the outside providers sought by Plaintiff. (Doc. 50.)  As such, Defendants did not issue separate subpoenas for records from the outside providers. (*Id.*)  Counsel for Defendants indicated they would separately subpoena the records from Dignity Health/Mercy Hospital and provide Plaintiff a copy. (*Id.*)  To accommodate this, Defendant requested extensions of the discovery cut-off to January 13, 2017, and the dispositive motion deadline to March 12, 2018. (*Id.*)  This motion is deemed submitted.  L.R. 230(*l*).

2

III.   **DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

On December 28, 2017, Defendants filed a motion to modify the Discovery and Scheduling Order, stating that on December 19, 2017, they received the subpoenaed records from Dignity Health/Mercy Hospital which "consist of several hundred additional pages of medical records." (Doc. 52, p. 2.)  Defendants request further extensions of the discovery deadline to February 12, 2018, and the dispositive motion deadline to May 1, 2018. (*Id.*, p. 4.)

Plaintiff opposes Defendants' motion to modify the Discovery and Scheduling Order. (Doc. 55.)  Plaintiff acknowledges receipt of the "several hundred additional pages" of medical records from defense counsel, but contends that defense counsel were evasive and untrustworthy since counsel did not initially provide him a full copy of his medical records. (*Id.*)  Plaintiff further contends that Defendants' production is still incomplete because the records provided do not contain his records from the other facilities where he received care and treatment for his infection—Sierra Vista Regional Medical Center in San Luis Obispo, California and San Joaquin Hospital in Bakersfield, California. (*Id.*)  Defendants' reply does not address whether records from either of these two facilities have been subpoenaed or provided to Plaintiff, focusing instead on their diligence to obtain records once Plaintiff brought the incomplete nature of the records from his facility to light, and the lack of prejudice to Plaintiff if the deadlines are extended as requested. (Doc. 57.)  This motion is deemed submitted. L.R. 230(*l*).

IV.   **DISCUSSION**

A.   **Plaintiff's Request for Medical Records**

Federal Rule of Civil Procedure ("Rule") 45 permits issuance of subpoenas for discovery from nonparties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45.  Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Fed. R. Civ. P. 26(b). *Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955).  Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to Rule 34, the test for admissibility is the relevance of the requested material or information. *Id.*, (citing *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v. Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka Maritime Corp., Inc.*, 163 F.R.D. 584 (C.D.Cal.1995)).

"The law [of discovery] begins with the presumption that the public is entitled to every person's evidence." *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D.Cal.1976). A nonparty may be compelled to produce documents and tangible things as provided in Rule 45. Fed. R. Civ. P. 34(c). Assuming that the subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(c)(1) and (d)(1).

Plaintiff has the right to subpoena documents from a third party that are relevant to the claims upon which he proceeds in this action. Care and treatment for Plaintiff's medical condition which is the subject of this action is clearly relevant for discovery purposes. Plaintiff contends that he received care and treatment for the medical condition which is the subject of this action at Dignity Health/Mercy Hospital, Sierra Vista Regional Medical Center and at San Joaquin Hospital. All parties now appear to have received a full set of the records from Dignity Health/Mercy Hospital. It does not appear however that either side has obtained the records from the latter two facilities.[1]

It is clear from the parties' pleadings on these discovery issues that the copy of Plaintiff's records from the facility of his current incarceration was less than complete. Thus, the records of Sierra Vista Regional Medical Center and San Joaquin Hospital are discoverable. Since the

---

[1] Defendants did not indicate in any of their filings whether they have obtained records from either or both of these facilities.

4

surgery which precipitated Plaintiff's claims occurred in 2015, only Plaintiff's records from 2015, 2016, and 2017 at these facilities needs to be obtained.

Plaintiff requests $2,000 as "reasonable expenses in obtaining this order." (Doc. 48, p. 4). The Court "may . . . apportion the reasonable expenses" incurred for discovery motions. Fed. R. Civ. Pro. 37(a)(5)(C). Defendants did not specifically respond to Plaintiff's sanction request, and instead address efforts to subpoena Plaintiff's records from Dignity Health/Mercy Hospital to obtain a full set of Plaintiff's records and their production to Plaintiff. Defendants' efforts were not unreasonable under the circumstances presented. The Court also notes that Plaintiff does not present any evidence that prior to filing his motion to compel, he notified defense counsel that he received treatment for infections at Sierra Vista Regional Medical Center and San Joaquin Hospital, but that their records were missing from his prison medical file. Under these circumstances, an award of expenses to Plaintiff would be unjust.

### B. Modification of the Discovery and Scheduling Order

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, filing motions and completing discovery. "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). However, there are a number of factors that may be considered:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939 (1997) citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).

Here, trial is not imminent. Although Plaintiff opposes Defendants' request to modify the schedule in this case, Plaintiff will benefit from an extension because Plaintiff desires additional medical records and the extensions will be equally applicable to Plaintiff. Further, the current

1   posture of this case was not caused by either party as there has been considerable delay in

2   obtaining a copy of Plaintiff's medical file from the prison.  Further, both motions were timely

3   filed, but the Court's docket prevented their earlier consideration.

4        In sum, all parties have exercised due diligence.  Additional time for discovery is

5   necessary to obtain Plaintiff's 2015, 2016, and 2017 records from Sierra Vista Regional Medical

6   Center and San Joaquin Hospital.  An extension of both the discovery cut-off and dispositive

7   motion filing deadlines is therefore appropriate.

8   **V.**     **ORDER**

9        Accordingly, it is **HEREBY ORDERED** that:

10  (1)     **Within fourteen (14) days** from the date of service of this order, defense counsel

11  SHALL file a statement indicating whether they will subpoena Plaintiff's 2015,

12  2016, and 2017 records from Sierra Vista Regional Medical Center and San

13  Joaquin Hospital and provide a copy to Plaintiff **within fourteen (14) days** of

14  receipt thereof.  A negative response will result in court-issued subpoenas for those

15  records;

16  (2)     Defendants' motion, filed December 28, 2107, (Doc. 52), to extend dates to

17  modify the Discovery and Scheduling Order, is **GRANTED** and the Discovery

18  and Scheduling Order is **MODIFIED** as follows:

19  a.     the deadline for completion of all discovery, including filing motions to

20  compel is extended to **May 1, 2018**; and

21  b.     the deadline for filing pre-trial dispositive motions is **July 1, 2018**; and

22  (3)     Other than the modification of deadlines set forth above, all requirements of the

23  original Discovery and Scheduling Order (Doc. 40) shall remain in effect.

24

25  IT IS SO ORDERED.

26  Dated:   **February 16, 2018**       /s/ *Sheila K. Oberto*

27                UNITED STATES MAGISTRATE JUDGE

28