# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>        Plaintiff,<br><br>    v.<br><br>RAHMAN, et al.,<br><br>        Defendants. | 1:16-cv-00004-AWI-SKO (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION REGARDING SUBPOENAED RECORDS**<br><br>**(Doc. 69)** |

        Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is a motion Plaintiff filed, on March 26, 2018, to obtain copies of subpoenaed medical records. (Doc. 69.)[1] The history of this issue is protracted, to say the least.

        On August 29, 2017, Plaintiff filed a subpoena to obtain medical records for treatment he received relative to his claims in this action. (Doc. 43.) On October 3, 2017, an order issued indicating that Plaintiff met the requirements for a subpoena to issue. (Doc. 44.) Defense counsel was directed to file a statement indicating the steps taken to obtain the records sought by Plaintiff, and to indicate whether counsel was willing to provide Plaintiff copies of any documents obtained. (*Id.*) On October 12, 2017, defense counsel filed a statement indicating that records

---

[1] Though titled as a "Motion for Default Judgment," the entirety of Plaintiff's two-page motion pertains to the records from San Joaquin Community Hospital that he has not received. (*See* Doc. 69.)

1

from the facility where Plaintiff is currently housed had been recently received, which included records from outside providers. (Doc. 45.) Defense counsel forwarded a copy of the records received to Plaintiff that same week. (*Id.*) It, therefore, appeared that a subpoena was no longer required and the order granting the subpoena was withdrawn. (Doc. 47.) Following receipt and review of those records, Plaintiff was permitted to file a renewed subpoena request—if he believed they were incomplete and was able to identify the missing records as well as their relevance to this action. (*Id*.)

On November 3, 2017, Plaintiff filed a motion indicating that the set of records provided by defense counsel did not contain his complete records from outside facilities where Plaintiff had received medical treatment and Plaintiff's medical records from the California Department of Rehabilitation and Corrections. (Doc. 48.) Defendants' response to Plaintiff's motion indicated that Plaintiff's medical records from the facility where Plaintiff was incarcerated had been subpoenaed, and should have also included all of the records from the outside providers. (Doc. 50.) Thus, separate subpoenas for records from the outside providers were not issued. (*Id*.) Defendants indicated they would separately subpoena the records from the outside providers and provide a copy to Plaintiff. (*Id*.) To accomplish this, Defendants requested extensions of the discovery cut-off to January 13, 2017, and the dispositive motion deadline to March 12, 2018—which was granted. (Doc. 59.)

In his current motion, Plaintiff contends Defendants did not subpoena records from the correct facility: the records were subpoenaed from "Adventist Health" rather than from "San Joaquin Community Hospital." (Doc. 69.) In response, defense counsel pointed to a declaration filed on February 27, 2018, (Doc. 60), in which she advised the Court and Plaintiff that the facility's name was changed in July of 2017 and it was now known as "Adventist Health." (Doc. 71.) That declaration also advised that the custodian of records, where all subpoenas should be served for Adventist Health, was located at a different address, where a subpoena was served. (*Id.*) Defense counsel indicated counsel would provide copies of the subpoenaed records to Plaintiff upon receipt. (*Id.*) Plaintiff did not file a reply.

//

Plaintiff appears to have filed his motion without accounting for the declaration defense counsel filed on February 27, 2018, (Doc. 60.)  Accordingly, it is **HEREBY ORDERED** that Plaintiff's motion, filed on March 26, 2018, (Doc. 69), regarding receipt of subpoenaed records is **DISREGARDED** as moot.

IT IS SO ORDERED.

Dated:     **May 8, 2018**                             /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE