# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>    Plaintiff,<br><br>    v.<br><br>RAHMAN, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00004-AWI-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL**<br><br>**(Docs. 75, 76)** |

    Plaintiff, Gardell Cowart, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2018, Plaintiff filed a motion requesting an order directing Defendants to file a copy of his deposition transcript in this action. (Doc. 75.) Plaintiff states that his deposition "relates to the truth and fact to the pending" defense motion for summary judgment ("MSJ"). (*Id.*) On June 29, 2018, Plaintiff filed a motion requesting that Defendants be ordered "to produce all records of 'Deposition Upon Plaintiff Gardell Cowart, date of April 23, 2018,' for inspection and submission for court and Plaintiff's copying . . . ." (Doc. 76, p. 4.)

    In opposition to Plaintiff's motions, Defendants have presented evidence that the court reporter provided a complimentary condensed copy of Plaintiff's transcript to Plaintiff for review. (Doc. 77, p. 4.) Plaintiff filed a declaration in reply, indicating that he was not given opportunity to review or make corrections to his deposition transcript, and that the court reporter's correspondence submitted by Defendants is untrue. (Doc. 78.)

///

As to Plaintiff's first motion, the Court is unable to discern why Plaintiff's entire deposition transcript should be filed in this action, and Plaintiff provides none. Although Plaintiff states that his deposition relates to the truth and facts involved in Defendants' pending motion for summary judgment, Plaintiff filed a two-hundred thirty-five page opposition to Defendants' motion for summary judgment, including a seven-page declaration supporting his rendition of the underlying events. (*See* Doc. 68, pp. 28-34.) Plaintiff does not identify any evidence in his deposition transcript that he was unable to set forth in his declaration or submit with his opposition.[1] Further, although Plaintiff was provided with notice and warning of the requirements for opposing Defendants' MSJ, (*see* Doc. 65), he neither requested to postpone consideration of Defendants' MSJ under Federal Rule of Civil Procedure 56(d), nor filed any other motion indicating he was unable to prepare an opposition to Defendants' MSJ without his deposition transcript. Thus, Plaintiff's motion for an order directing Defendants to file a copy of his deposition transcript in this action need not be granted.

In his second motion, Plaintiff requests that Defendants be directed to produce "all records of 'Deposition Upon Plaintiff Gardell Cowart date of April 23, 2018' for inspection and submission for court and Plaintiff's copying . . . ." (Doc. 76, p. 4.) Plaintiff contends his deposition transcript and all exhibits must be produced, citing Federal Civil Procedure Rule 45. Rule 45, which allows parties to subpoena records and evidence from third parties.

Rule 30(f)(3) specifically provides that a court reporter must furnish a copy of the transcript or recording to any party or the deponent "*when paid reasonable charges*." Plaintiff is not entitled to a free copy of his deposition transcript or its exhibits. Fed. R. Civ. P. 30(f)(3). Although Plaintiff is entitled to review the transcript and make changes if he requested to review it before the completion of the deposition, Fed. R. Civ. P. 30(e)(1), there is presently no evidence before the Court that he did so in this case. The court reporter mailed Plaintiff a condensed copy of his deposition transcript as a courtesy. It appears, however, that the court reporter's letter and the complimentary condensed copy of the deposition transcript were never delivered to Plaintiff.

---

[1] The Court notes that, generally, a party does not submit his or her own deposition transcript in support or opposition to a motion.

2

Thus, a copy of this order will be sent to the litigation coordinator at the facility where Plaintiff is housed so they may follow up on this issue.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions to compel, filed on January 28, 2018, (Doc. 75), and January 29, 2018, (Doc. 76), are hereby DENIED;
2. The Clerk's Office is directed to send a copy of this order to the Litigation Coordinator at the facility where Plaintiff is housed to investigate whether the courtesy condensed copy of Plaintiff's deposition transcript was received at the facility and its current whereabouts; and
3. Within fourteen (14) days of the date of service of this order, defense counsel shall file a statement stating whether Plaintiff requested to review his deposition transcript before the completion of his deposition, and if he did so, setting forth the results of the Litigation Coordinator's investigation and when the transcript will be delivered to Plaintiff for review.

IT IS SO ORDERED.

Dated: **July 17, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE